No. 558

COMESKIE'S ADMRX. v. YOUNGSTOWN (CITY)

Ohio Appeals. 7th District. Mahoning County.
Decided March 20, 1925.

829. NEGLIGENCE.—1. Boy of 17 years would not be of such tender years as not to appreciate danger of crawling hand over hand on cable over ravine 75 feet deep.

2. Doctrine of the liability for leaving an attractive nuisance that might be dangerous to children of tender years, does not prevail in this state.

POLLOCK, J.

An action was brought in the Mahoning Common Pleas by Cecil Comeskie's administratrix, against the City of Youngstown wherein it was sought to recover damages for the death of her intestate which she claimed was caused by the negligent act of the city. The city objected to the introduction of any testimony on the ground that the petition did not state facts sufficient to constitute a cause of action against it. The motion was sustained and the jury directed to return a verdict in favor of the city.

It seems that there is a ravine between two certain streets in the city, said ravine being 75 feet in depth, below the grade of the street. The city undertook to erect a bridge which would span the ravine thus connecting the streets. Work on the construction was commenced in August 1919, abutments on both sides of said ravine were completed and forms set for the arch when work was abandoned about the 20th of May, 1920. There was left stretching across said ravine between the abutments and fastened thereto a cable about two inches in diameter. The deceased, while playing on the bridge as was the habit of playmates and of boys of the same age, attempted to crawl hand over hand over the cable from one abutment to another. Before decedent reached the opposite side he fell off the cable and into the ravine, which caused his death. The Court of Appeals held:

1. It is well known in this state that the Supreme Court has refused to follow what is known as the turn-table case, which was a case disposed of by the U. S. Supreme Court, holding that infants who went upon the premises of another to play, attracted there by machinery or some object left there by the employer, was liable.

2. A child who could go on abutments and attempt to cross the cable would not be of such tender years that he would not understand the danger (especially a boy 17 years) when attempting to cross this cable.

3. No active negligence upon the part of city. Actionable negligence exists where one who causes injury owed to the injured person a duty created either by contract of by operation of law, in which there has been a failure to discharge. The fore-going rule is not altered by the fact that the injured person is a child of tender years. Hannan, Admr., v. Ehrlich 102 O. S. 176.

4. From the facts alleged in petition the street had not been opened as a public street, so the city could not be charged with keeping such a paper street open and free from nuisance. Judgment of lower court affirmed.

Attorneys.—Kenealy, Metcalfe and Cannon for Administratrix; W. E. Lewis for city.